IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WOODROW R. GLOVER, II  # 1659667,  )<br>           Petitioner,    )<br>vs.                                                            )      No. 3:16-CV-0320-M  (BH)<br>                                                                 )<br>WILLIAM STEPHENS, Director,        )      Referred to U.S. Magistrate Judge<br>Texas Department of Criminal           )<br>Justice, Correctional Institutions Division,  )<br>           Respondent.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Before the Court is the petitioner's *Waive Exhaustion Doctrine*, received February 5, 2016 (doc. 3). Based on the relevant findings and applicable law, the filing should be construed as a motion to waive the exhaustion requirement of 28 U.S.C. § 2254(b), and this action should be **DISMISSED** for lack of subject matter jurisdiction.

**I.**

The petitioner seeks to have the exhaustion requirement of 28 U.S.C. § 2254(b) waived and to have his federal habeas corpus claims reviewed on grounds that there has been no ruling on his state habeas corpus application filed in state court in July 2013. He claims that the delay in ruling on his state writ application has resulted in the absence of an available state corrective process or has resulted in the existence of circumstances that render the available state corrective process ineffective to protect his rights under § 2254(b)(1)(B). The petitioner's filing does not set out grounds for habeas corpus review of his custody pursuant to a state conviction and sentence, or identify a state conviction for which he is confined. The filing should be construed as a motion to waive the exhaustion requirement for a 28 U.S.C. § 2254 habeas corpus petition.

**II.**

Federal courts lack jurisdiction to consider matters regarding a habeas petition until such a petition is actually filed. *See United States v. McFarland*, 125 F. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [habeas] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory' ") (quoting *United States v. Leon*, 203 F.3d 162,163 (2d Cir. 2000)); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010 at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted)).

Here, the petitioner seeks to waive the exhaustion requirement of 28 U.S.C. § 2254(b) so that his claims may be reviewed on federal habeas corpus, but he has not filed a § 2254 petition. A ruling on his motion will require an advance determination of whether a § 2254 petition should be dismissed for failure to exhaust state court remedies. However, without the filing of a § 2254 petition, this Court lacks subject matter jurisdiction to grant such relief on petitioner's motion.

**III. RECOMMENDATION**

This action based on petitioner's motion to waive the exhaustion requirement (doc. 3) should be **DISMISSED** for lack of jurisdiction, unless the petitioner submits a § 2254 habeas petition on the appropriate form and files a motion to proceed in forma pauperis or pays the $5 filing fee within the fourteen-day period for objecting to this recommendation, or some other deadline set by the

Court. The Clerk of the Court shall mail the petitioner (1) a form application to proceed *in forma pauperis,* and (2) a standard form for cases filed under 28 U.S.C. § 2254, with the case number included on the form.

**SO RECOMMENDED on this 22nd day of February, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE